In the Matter of BURTON A. SCHENLEY, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 18, 1979

### APPEARANCES OF COUNSEL

*Nicholas C. Cooper* for petitioner.

*Burton A. Schenley,* respondent *pro se.*

### OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to practice by this Department on November 29, 1948.

On April 19, 1979, a hearing panel of petitioner, the Departmental Disciplinary Committee for the First Judicial Department, found respondent guilty of neglecting "his duties in terms of carefully managing the affairs of his client, and in this case, causing his client to lose a cause of action by reason of the Statute of Limitations." Respondent was also found guilty of failing to heed communications from the Committee on Grievances, including a letter of admonition issued because

of his failure to respond to the communications advising him of the charges.

Petitioner then referred the matter to this court for confirmation of the hearing panel's findings and the appropriate sanction.

In an affidavit in opposition respondent denies that the complainant was a client of his and argues that he never received the various communications from the Grievance Committee because he has not practiced law in New York since October, 1977.

The evidence adduced at the hearing amply supports the finding that the complainant was a client of respondent, that he did ignore communications from her, that he neglected her case, and that as a result of such negligence she lost a cause of action because of the expiration of the Statute of Limitations. It was also established that respondent has been in New York on various occasions since October, 1977, that he has picked up his mail at a designated address, that he ignored communications sent by the petitioner, and thus he failed to co-operate with the committee in its investigation.

It should also be noted that at a hearing on September 27, 1977, respondent received a previous admonition from the Committee on Grievances in an unrelated matter for failure to co-operate with the committee and neglect of his client's matter.

Accordingly, we confirm the panel's findings of fact and conclusions of law. Respondent should be suspended for a period of one year.

MURPHY, P. J., FEIN, SULLIVAN, BLOOM and ROSS, JJ., concur.

Respondent is suspended from practice as an attorney and counselor at law in the State of New York for a period of one year effective November 19, 1979.